UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JULIO GUERRERO )
    Petitioner, )
)
v. )   Civil Action No. 04-11763-RGS
)
LUIS SPENCER )
    Respondent. )
)

## RESPONDENT'S MEMORANDUM OF LAW
## IN SUPPORT OF THE MOTION TO DISMISS

This memorandum is submitted in support of Luis Spencer's (the respondent) Motion to Dismiss the habeas corpus petition filed by Julio Guerrero (the petitioner) on the ground that it is time-barred under 28 U.S.C. § 2244(d)(1). The respondent has not answered the petition and his remaining defenses are not briefed in light of this motion.[1]

## PRIOR PROCEEDINGS

On December 11, 1996, a Worcester County grand jury returned indictments against the petitioner for trafficking in over 200 grams of cocaine; possession of heroin, and possession of an altered license. On March 21, 1997, a default warrant issues after the petitioner failed to appear. On September 3, 1999 the Superior Court removed the default and recalled the warrant. On October 14, 1999, Justice Ralph Gants accepted the petitioner's guilty pleas to a reduced charge of trafficking in under 200 grams of cocaine

---

[1] Since it is clear from the face of the petition and the attached docket sheets that it is time-barred, the respondent will not, in the interest of economy, answer the petition or address any additional affirmative defenses. Should this Court rule that the petition is not time-barred, the respondent respectfully requests thirty days from the date of receipt of this Court's order to answer the petitioner or file a supplemental memorandum which addresses the additional affirmative defenses and/or the merits of the petition.

and to the remaining two charges.  Judge Gants sentenced the petitioner to ten to twelve years on the trafficking conviction, to be served forthwith, notwithstanding a current house of correction sentence; a concurrent sentences of three to five years for the possession of an altered license conviction and a concurrent sentence of one year for the possession of heroin conviction.

The petitioner filed his first motion to withdraw his guilty pleas on November 15, 1999 and Judge Gants denied the motion on December 10, 1999.  The petitioner filed his second motion to withdraw his guilty pleas on August 30, 2000, and Judge Gants denied the motion on April 23, 2001.

The petitioner filed his third motion to withdraw his guilty pleas on June 13, 2002, and Judge Gants denied the motion on June 21, 2002.  The petitioner appealed from this denial and the Massachusetts Appeals Court affirmed the denial on September 24, 2003. *Commonwealth v. Guerrero*, 59 Mass. App. Ct. 1104, 796 N.E.2d 466 (2003).  The Supreme Judicial Court denied further appellate review on November 25, 2003. *Commonwealth v. Guerrero*, 440 Mass. 1107, 799 N.E.2d 593 (2003).

On August 9, 2004,  the petitioner filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and the respondent hereby files this memorandum of law in support of the motion to dismiss.

## *ARGUMENT*

**I.    THE HABEAS CORPUS PETITION MUST BE DISMISSED WHERE IT IS BARRED BY THE STATUTE OF LIMITATIONS.**

Pursuant to 28 U.S.C. § 2244(d), as amended by the AEDPA:

(1)    A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The petition in this case was filed on August 9, 2004. For purposes of the AEDPA,

enacted on April 24, 1996, the petitioner's conviction became final on October 14, 1999, when the defendant plead guilty. *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after defendant pleads guilty "nothing more is required except for the court to give judgment and sentence").  The petitioner then had one year, or until October 14, 2000, in which to file his federal habeas petition or a post-conviction motion that would toll the statute of limitations period. *Gaskins,* 183 F.3d 8, 9 (1st Cir. 1999).  The petitioner did file three post-conviction motions.  The first one was filed on November 15, 1999, thirty days after his conviction was final, and the statute of limitations was tolled until December 10, 1999, when the motion was denied.  The petitioner filed his second motion on August 30, 2000, 263 days after the last motion was denied.  The statute was then tolled until April 23, 2001, when the second motion was denied.  The petitioner then had approximately 72 days remaining in the one year statute of limitations period in which to file another post-conviction motion or to file his habeas petition.  He did not file his third motion until June 13, 2002, long after the statute of limitations had expired.  Therefore, his petition for habeas corpus, filed on August 9, 2004, almost five years after his conviction became final, is time-barred under the statute of limitations for habeas petitions set forth in 28 U.S.C. §2244(d), and must be dismissed.

## CONCLUSION

For the foregoing reasons, the petition for habeas corpus relief should be dismissed with prejudice.

>Respectfully submitted,
>THOMAS F. REILLY
>Attorney General
>
>/s Susanne G. Reardon
>Susanne G. Reardon, BBO # 561669
>Assistant Attorney General
>Criminal Bureau
>One Ashburton Place
>Boston, Massachusetts 02108
>(617) 727-2200, ext. 2832

Date: August 31, 2004

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on

Julio Guerrero, pro se
2 Clark Street, P.O. Box 43
Norfolk, MA 02056

by first class mail, postage prepaid, on August 31, 2004.

>/s Susanne G. Reardon
>Susanne G. Reardon
>BBO # 561669
>Assistant Attorney General
>Criminal Bureau
>One Ashburton Place
>Boston, Massachusetts 02108
>(617) 727-2200, ext. 2832