```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS


JULIO GUERRERO,
     Petitioner,


     v.                                    CIVIL ACTION NO.
                                           04-11763-RGS

LUIS SPENCER,
     Respondent.
```

### ORDER TO ANSWER

### REPORT AND RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS (DOCKET ENTRY # 7)

### March 9, 2005

**BOWLER, U.S.M.J.**

Respondent Luis Spencer ("respondent"), Superintendent of the Massachusetts Correctional Institution in Norfolk, Massachusetts ("MCI-Norfolk"), moves to dismiss the above styled petition for writ of habeas corpus filed pro se under 28 U.S.C. § 2254 as untimely pursuant to 28 U.S.C. § 2244(d) ("section 2244(d)") of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA").  (Docket Entry # 7).  Petitioner Julio Guerrero ("petitioner"), an inmate at MCI-Norfolk, contends that the pendency of the direct appeal tolls the limitation period thereby making the petition timely.  (Docket Entry # 9).  Petitioner is correct.

The petition itself attacks the constitutionality of petitioner's 1996 drug conviction.  It raises the following two grounds for relief:  (1) ineffective assistance of trial counsel;

and (2) denial of the Fourth Amendment's right to be free from an unconstitutional search and seizure.

An evidentiary hearing is not required. The record contains all the necessary filings to decide the timeliness of the petition. See, e.g., Neverson v. Bissonnette, 242 F.Supp.2d 78, 88 (D.Mass. 2003) (declining to hold evidentiary hearing inasmuch as "any relevant facts respecting the ineffective assistance of counsel claims are present in the trial transcript, which Neverson could obtain through 'due diligence'"), aff'd on other grounds, 366 F.3d 32 (1st Cir. 2004).

BACKGROUND

On December 11, 1996, a grand jury sitting in Worcester County returned indictments against petitioner charging him with trafficking in over 200 grams of cocaine, possessing heroin and possessing an altered driver's license. The charges arose out of a motor vehicle traffic stop which took place on September 8, 1996, when a state trooper observed petitioner driving the vehicle without a front license plate. After the trooper stopped the motor vehicle, Guerrero, the driver and only occupant, consented to a search of the vehicle. During the search, the state trooper discovered items he recognized as being heroin and a clear plastic bag containing a white substance that tests later revealed to be nearly 480 grams of cocaine.

On March 19, 1997, petitioner, represented by counsel, filed a motion to suppress in the Massachusetts Superior Court

Department (Worcester County) ("trial court").  The motion remained pending at the time an associate justice of the trial court ("trial judge") accepted petitioner's plea of guilty on October 14, 1999.

On October 14, 1999, petitioner pled guilty as part of an agreed sentence recommendation.  The agreement recommended reducing the trafficking charge to an amount of 100 to 200 grams of cocaine thereby lowering the prospective sentence from a mandatory minimum of 15 years to a mandatory minimum of ten years.  After conducting a colloquy, the trial judge accepted the plea and entered the agreed upon sentence.  Petitioner thereby received a ten to 12 year sentence on the drug trafficking charge, a three to five year concurrent sentence on the altered driver's license charge and a one year sentence in the House of Correction on the heroin charge.

It is significant for present purposes that on November 15, 1999, petitioner filed a notice of appeal of the sentence.  It was not until May 12, 2004, that the Massachusetts Appeals Court ("the appeals court") decided the appeal by dismissing it.[1]

On November 15, 1999, petitioner also filed a motion to revise the sentence under Rule 29, Mass. R. Crim. P., and a motion for a new trial under Rule 30, Mass. R. Crim. P.  The trial judge denied both motions on December 10, 1999.

---

[1] The pendency of the direct appeal of the sentence foregoes the need to recite subsequent state court proceedings. Nonetheless, given the likelihood of further proceedings, this court will summarize the additional proceedings.

On August 30, 2000, petitioner filed a second motion for a new trial wherein he challenged the effectiveness of trial counsel. On April 23, 2001, the trial judge denied the motion without a hearing.

Undeterred, petitioner filed a third motion for a new trial on June 13, 2002. The motion attacked the effectiveness of trial counsel and also argued that "the evidence discovered by [the state trooper] must still be suppressed." (Docket Entry # 3, R. 34). In a comprehensive six page opinion, the trial judge denied the motion.

On July 2, 2002, petitioner filed a notice of appeal of the denial of the third motion for a new trial. On September 3, 2002, petitioner filed a motion for reconsideration in the trial court which the trial judge denied on September 10, 2002. Petitioner appealed the denial. On September 24, 2003, the appeals court, after consolidating the appeals from the denials of the motion for a new trial and the motion for reconsideration, denied the appeal and affirmed the orders denying both motions. The two sentence opinion denied the appeal "[f]or the reasons set out in the Commonwealth's brief (at 9-17) and the judge's memorandum of decision (S.A.25-30)." Commonwealth v. Guerrero, 799 N.E.2d 466 (Mass.App.Ct. 1999). On November 25, 2003, the Massachusetts Supreme Judicial Court ("SJC") denied further appellate court review. Commonwealth v. Guerrero, 799 N.E.2d 593 (Mass. 2003).

As previously noted, on May 12, 2004, the appeals court

dismissed the direct appeal. The one page order notes that the sentence was entered "as an agreed recommendation upon a plea of guilty." (Docket Entry # 9). After reviewing the matter, the appeals court summarily ordered "that the judgement [sic] imposing said sentence stand." (Docket Entry # 9). The trial court received and docketed the order on July 14, 2004. The record before this court does not reflect whether petitioner appealed the decision to the SJC.

Shortly thereafter, on August 6, 2004, petitioner executed the present petition and signed a motion to proceed in forma pauperis. On August 9, 2004, the court received and filed the motion to proceed in forma pauperis. On August 13, 2004, the court denied the motion to proceed in forma pauperis and ordered petitioner to pay the filing fee. Petitioner promptly paid the filing fee and on August 19, 2004, the petition was docketed.

## DISCUSSION

Respondent moves to dismiss the petition on the basis of untimeliness. Without referring to or noting the pendency of the direct appeal,[2] respondent argues that the petition is untimely because it was "filed on August 9, 2004, almost five years after his conviction became final." (Docket Entry # 8, p. 4).

Because petitioner filed this petition after the AEDPA's enactment, the statute, which includes a one year limitation

---

[2] The trial court's docket sheet reflects the filing of the direct appeal.

period, 28 U.S.C. § 2244(d)(1), governs the petition. <u>See</u> <u>Williams v. Matesanz</u>, 230 F.3d 421, 423 (1st Cir. 2000). Section 2244(d)(1)(A) sets forth the applicable accrual date. Under this subsection, the one year limitation period begins to run from "the date on which the judgment becomes final *by the conclusion of direct review* [emphasis added] or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1).

The petition is timely inasmuch as the appeals court did not decide the direct appeal until May 12, 2004. Stated otherwise, the judgment did not become final and the limitation period did not begin to run until, at the earliest, May 12, 2004.

Under the mailbox rule, petitioner filed the present petition on August 6, 2004. <u>See</u> <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 109 (1st Cir. 1999) ("a pro se prisoner's motion under 28 U.S.C. § 2255 or § 2254 is filed on the date that it is deposited in the prison's internal mail-system for forwarding to the district court"); <u>Piacentini v. Levangie</u>, 998 F.Supp. 86, 88 (D.Mass. 19998) ("fact that the administrative procedures of this Court do not docket and record as filed a complaint filed with a motion to proceed in forma pauperis until that motion is allowed does not alter the date the document is received for statute of limitations purposes").

Because this court recommends the denial of the motion to dismiss, respondent is **ORDERED** to file an answer to the petition in the above-styled action within 20 days after receipt of this Order, exclusive of the day of receipt.

The deadline for filing a dispositive motion or memorandum in opposition to the petition is May 9, 2005. In the event respondent wishes to raise an exhaustion defense in any dispositive motion or memorandum in opposition to the petition, respondent is also directed to brief the merits of both of the two grounds for relief inasmuch as this court has the discretion under 28 U.S.C. § 2254(b)(2) to deny an application on the merits notwithstanding a petitioner's failure to exhaust available state court remedies.

Respondent should file all necessary state court records. Although petitioner filed a number of the state court records, respondent should, at a minimum, file an updated docket sheet of the trial court, a docket sheet of the appeals court and copies of any filings appealing the appeals court's May 12, 2004 dismissal of the direct appeal. Respondent should also file copies of the motion to suppress, the supporting memorandum and the motion to dismiss that petitioner filed in the trial court on March 19, 1997.

## CONCLUSION

In accordance with the foregoing discussion, this court **RECOMMENDS**[3] that the motion to dismiss (Docket Entry # 7) be

---

[3] Any objections to this Report and Recommendation must be filed with the Clerk of Court within ten days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. Any party may respond to another party's objections within ten days after service of the objections. Failure to file objections within the specified time

**DENIED** given the timeliness of the petition.  Respondent is **ORDERED** to file an answer within 20 days and the deadline for filing a dispositive motion or brief in opposition to the petition is May 9, 2005.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

waives the right to appeal the order.  United States v. Escoboza Vega, 678 F.2d 376, 378-379 (1st Cir. 1982); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).