UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JULIO GUERRERO | ) | |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-11763-RGS |
| | ) | |
| LUIS SPENCER | ) | |
|     Respondent. | ) | |

**RESPONDENT'S OBJECTIONS TO THE REPORT AND
RECOMMENDATION RE: RESPONDENT'S MOTION TO DISMISS**

    The respondent, Luis Spencer, hereby objects to the report and recommendation issued on March 9, 2005 in which Magistrate Judge Bowler recommended that the respondent's motion to dismiss be denied. In the report and recommendation, Magistrate Bowler found that the petitioner's sentence appeal was pending until May 12, 2004 and therefore his habeas corpus petition, which was filed on August 6, 2004, was timely under 28 U.S.C. § 2244 (d)(1). This conclusion was incorrect where a sentence appeal does not constitute "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim" pursuant to § 2244 (d)(2).

    As noted in the prior proceedings section of the respondent's motion to dismiss (Docket entry #7), the petitioner plead guilty in 1999 pursuant to an agreed sentence recommendation of ten to twelve years in prison. The agreement recommended that the trafficking charge be reduced from trafficking in over 200 grams to trafficking in 100 to 200 grams of cocaine. As a result of his guilty plea, the petitioner waived his right to a direct appeal of his conviction. *See Commonwealth v. Colon*, 439 Mass. 519, 524, 789 N.E.2d

566 (2003) (A motion for new trial is the appropriate vehicle for attacking the validity of a guilty plea); *Commonwealth v. Hamilton*, 3 Mass. App. Ct. 554, 558, 336 N.E.2d 872 (1975) (defendant need not be advised in so many words that by pleading guilty he waives his right of appeal). The petitioner demonstrated his awareness of the appropriate procedure to attack his guilty plea when he filed several motions to withdraw his guilty plea in 1999, 2000 and 2002, and seeking appeal from the denial of his third motion. Therefore, although the petitioner filed a "Notice of Appeal" of his conviction on November 15, 1999, this notice had no practical effect in advancing his challenge to his guilty plea.

Moreover, his sentence appeal to the Appellate Division of the Superior Court, pursuant to M.G.L. 278, § 28B, was merely a request for leniency from an otherwise lawful sentence. *See Commonwealth v. Molino*, 411 Mass. 149, 155, 580 N.E.2d 383 (1991). The Appellate Division is not an appellate court pursuant to Mass. R. App. P. 1(c) and has no authority to review the conviction itself or any error of law or constitutional violation with respect to the sentence. *Commonwealth v. Callahan*, 419 Mass. 306, 308, 644 N.E.2d 629 (1995); *Commonwealth v. Grimshaw*, 412 Mass. 505, 513, 590 N.E.2d 681 (1992). Once the appellate division changes a sentence or dismisses the appeal, its decision is final. M.G.L.A. c, 278, § 28B. Therefore, such a sentence "appeal" to the appellate division does not amount to a collateral attack of a conviction which would toll the statute of limitations pursuant to § 2244 (d)(2). *See LeDoux v. Dennehey*, 327 F.Supp.2d 97 (D. Mass. 2004) (in which motion to revise and revoke a sentence pursuant to Mass. R. Crim. P. 29 did not constitute a collateral attack of a conviction and therefore did not toll the statute of limitations).

Other circuits have determined that similar sentence appeals do not constitute collateral attacks pursuant to § 2244(d)(2). *See Bridges v. Johnson*, 284 F.3d 1201, 1204 (11th Cir. 2002) ("sentence review is not an attack on the constitutionality or legal correctness of a sentence or judgment in contrast to a direct appeal or habeas action"); *Walkowiak v. Haines*, 272 F.3d 234, 238 (4th Cir. 2001) (motion for reduction of sentence is part of original proceeding and does not entail a legal challenge and therefore does not toll the statute of limitations under §2244 (d)(2)). This determination is eminently reasonable in light of the underlying purpose of the tolling provision, which sought to balance the one year limitation period for filing a habeas petition with the interests of the exhaustion requirement. *Duncan v. Walker*, 523 U.S. at 179. The tolling provision "promotes the exhaustion requirement of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued." *Id.* *See also Currie v. Matesanz*, 281 F.3d 261, 267 (1st Cir. 2002) ("The purpose of state remedy exhaustion is to 'afford the state courts which have an equal responsibility with the federal courts to vindicate federal constitutional rights, the first opportunity to remedy a constitutional violation'") (quoting *Dickerson v. Walsh*, 750 F.2d 150, 154 (1st Cir. 1984)). Tolling the statute during the pendency of a sentence appeal which can never be the basis for habeas relief does not promote this balance. Where a sentence appeal does not challenge the underlying conviction and where the Appellate Division's determination cannot be appealed to the state's highest court, it cannot be considered a collateral attack of a state court conviction.

Therefore, the petitioner's sentence appeal did not toll the statute of limitations. As

previously set forth in the respondent's motion to dismiss, without the benefit of tolling from the sentence appeal, the habeas corpus petition is untimely. The petition was filed on August 9, 2004. For purposes of the AEDPA, enacted on April 24, 1996, the petitioner's conviction became final on October 14, 1999, when the defendant plead guilty. *Commonwealth v. Balliro*, 437 Mass. 163, 166, 769 N.E.2d 1258, 1262 (2002) (a guilty plea is a conviction; after defendant pleads guilty "nothing more is required except for the court to give judgment and sentence"). The petitioner then had one year, or until October 14, 2000, in which to file his federal habeas petition or a post-conviction motion that would toll the statute of limitations period. *Gaskins,* 183 F.3d 8, 9 (1st Cir. 1999). The petitioner did file three post-conviction motions. The first one was filed on November 15, 1999, thirty days after his conviction was final, and the statute of limitations was tolled until December 10, 1999, when the motion was denied. The petitioner filed his second motion on August 30, 2000, 263 days after the last motion was denied. The statute was then tolled until April 23, 2001, when the second motion was denied. The petitioner then had approximately 72 days remaining in the one year statute of limitations period in which to file another post-conviction motion or to file his habeas petition. He did not file his third motion until June 13, 2002, long after the statute of limitations had expired. Therefore, his petition for habeas corpus, filed on August 9, 2004, almost five years after his conviction became final, is time-barred under the statute of limitations for habeas petitions set forth in 28 U.S.C. §2244(d), and must be dismissed.

## *CONCLUSION*

For the foregoing reasons, the respondent objects to the magistrate's report and recommendation and urges this court to find that the petitioner's sentence appeal did not toll the statute of limitations and the petition for habeas corpus relief should be dismissed with prejudice.

Respectfully submitted,
THOMAS F. REILLY
Attorney General

/s Susanne G. Reardon
Susanne G. Reardon, BBO # 561669
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2832

Date: March 16, 2005

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served on

Julio Guerrero, pro se
2 Clark Street, P.O. Box 43
Norfolk, MA 02056

by first class mail, postage prepaid, on March 16, 2005.

                                          /s Susanne G. Reardon
                                          Susanne G. Reardon
                                          BBO # 561669
                                          Assistant Attorney General