UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
JULIO GUERRERO,      )
     Petitioner,     )
                     )
                     )
     -v-             )         CIVIL ACTION
                     )         NO. 04-11763-RGS
                     )
LUIS SPENCER,        )
     Respondent.     )
                     )
```

PETITIONER'S OPPOSITION TO RESPONDENT'S OBJECTIONS
TO REPORT AND RECOMMENDATION RE: MOTION TO DISMISS
===

NOW COMES the Petitioner Julio Guerrero in the above-entitled matter, and he does hereby respectfully submit his opposition. As reasons therefore, the petitioner states that his petition was timely because his sentence appeal pursuant to M.G.L. c. 278, §28B, to the Appellate Division of the superior court is a tolling event.

The petitioner pled guilty on October 14, 1999, and in return the petitioner received a reduced sentence of 10 to 12 years for trafficking in cocaine, 3 to 5 years concurrent for an altered driver's license and 1 year in the House of Correction for possession of heroin. On November 15, 1999, petitioner filed a notice of appeal of his sentence. On May 12, 2004, a panel of three judges of the Appellate Division decided petitioner's appeal by

dismissing it. But during the pendency of the petitioner's sentence appeal, he filed several other motions for post-conviction relief, which are not the subject of this opposition. On July 14, 2004, the superior court received and docketed the panels' order. On August 6, 2004, the petitioner filed his petition and on August 19, 2004, the petitioner paid the filling fees. The petition was docketed.

The petitioner respectfully argues that the United States District Courts and the Circuit Courts are split on the question of what constitutes a tolling event. The meaning of the one-year statute of limitation pursuant to 28 U.S.C. §2244(d)(2) has also, in the past, been somewhat the subject of controversy since the statute's enactment in 1996 (AEDPA). As a result, there has been multiple decisions, opinions, memorandum and orders, and unpublished opinions on this point, some favorable and some not.

For the purposes of this particular case, section §2244(d)(2) states in pertinent part that the statute of limitations are tolled for the time during "which a properly filed application [or motion] for state post-conviction or other collateral review with respect to the pertinent

-3-

judgment or claim is pending."

For instance, in Duncan v. Walker, the Supreme Court held that, "other collateral review" does not encompass any form of federal review, but stated that the phrase does included state sentence review procedures. Id. at 533 U.S. 167, 177 (2001). The Court also said that Congress may have used the phrase "'post-conviction or other collateral' review in recognition of the diverse terminology that different states employ ... for example, Florida employs a procedure that is officially entitled "Motion to Vacate, Set Aside, or Correct Sentence' [which is referred to as a] 'motion for post-cconviction relief'... [in this state it is called motion for revise and revoke sentence pursuant to Mass.R.Crim.P. 29]. Congress may have refrained from exclusive reliance on the term 'post-conviction' so as to leave no doubt that the tolling provisions applies to all types of state collateral review..." Id.; See also Tillema v. Long, 253 F.3d 494, 500 (9th Cir. 2001) (holding that AEDPA's limitation period is tolled during the pendency of petitioner's motion to vacate illegal sentence). See Foster v. Maloney, No. 02-10641-RWZ (D.Mass. May 14, 2002) (unpublished) (attached).

District Court Judge (Zobel) held that <u>Foster's</u> motion for review of his sentence pursuant to M.G.L. c. 278, §28A is a tolling event and therefore, tolled the one-year statute of limitations under the AEDPA of 1996. <u>Foster's</u> petition for a writ of habeas corpus was held to be timely. See, i.e., <u>Carter</u> v. <u>Litscher</u>, 275 F.3d 663, 665 (7th Cir. 2001) (time is suspended while a "properly filed" state collateral attack "with respect to the pertinent <u>judgment</u> or claim is pending"), citing <u>Duncan</u> v. <u>Walker</u>, 533 U.S. 167, 175, 177 (2001); <u>Tillema</u> v. <u>Long</u>, 253 F.3d 494, 502 (9th Cir. 2001) (permitting tolling so long as the state post-conviction proceedings challenges the same judgment that is challenged by the federal habeas petition); <u>Hunt</u> v. <u>Hall</u>, No. 00-10846 (D.Mass. March 18, 2002) (unpublished decision holding sentencing appeal to Appellate Division of Massachusetts superior court tolled the statute of limitations under 28 U.S.C. §2244(d)(2)). But see <u>Bland</u> v. <u>Hall</u>, 62 Fed.Appx. 361, 2003WL 1825681 (1st Cir. 2003) (motion for revise and revoke pursuant to Mass.R.Crim.P. 29 does not toll the limitation period). (attached).

In light of these decisions the respondent would want this Court to believe that a sentence appeal does not attack the pertinent judgment, and therefore, petitioner's application for writ of habeas corpus is untimely. (Res. Objections at 3).

The petitioner begs to differ because there is no question that under both Massachusetts and Federal law, the sentence is part of the judgment. Moreover, Massachusetts cases have consistently held that "[i]n a criminal case the sentence is the judgment." Whitney v. Commonwealth, 337 Mass. 722, 723 (1958); Commonwealth v. Dascalakis, 246 Mass. 12, 19 (1923) ("sentence is final judgment in a criminal case"); Commonwealth v. Delgado, 367 Mass. 432, 438 (1975) (same); M.G.L. c. 279, §4. The federal law too, is clear on the subject: ¶[t]he sentence is part of the judgment." United States v. Kaye, 739 F.2d 488, 491-492 (9th Cir. 1984), cert. denied, 469 U.S. 1075 (1984) (citing Fed.R.Crim.P. 32(b)(1) ("A judgment of conviction shall set forth the plea, the verdict or findings, and the adjudication and sentence"); Tillema v. Long, 253 F.3d 494, 500 (9th Cir. 2001) (motion to vacate sentence attacked judgment and tolled limitation period);[1] Martin v. Embry, 1999 U.S. App. LEXIS 32147, No. 99-1203, at *8 (10th Cir.1999).

It is plainly evident when one recognizes that many habeas corpus petitions (and prior state court proceedings) challenge only a petitioner's death sentence, not the substantive conviction. William v. Taylor, 529 U.S. 362, 370 (2000). These petitions are nevertheless state petitions for state post-conviction or "state collateral relief." Id. at 370, 373.

The opinions from the district courts comport with these holdings, reasoning that "by providing that the statute of limitations is tolled 'with respect to the pertinent judgment or claim' [and] the language of the statute itself suggests Congress intent to toll of [sic] all claims." Parker v. Johnson, 988 F.Supp 1474, 1476 (N.D. Ga. 1998) (emphasis in original); accord Blasi v. Attorney General, 30 F.Supp.2d 481, 486 (M.D. Pa. 1998) (state proceeding attacking judgment is enough to toll limitation period), subsequent proceeding at, 120 F.Supp.2d 451 (M.D. Pa. 2000); Kearse v. Walker, 123 F.Supp.2d 652, 656 (E.D.N.Y. 2000) (adopting Blasi).

---

[1] The Ninth Circuit twice reconsidered its opinion in light of Duncan v. Walker, 533 U.S. 167 (2001) and yet made no change in its analysis of statutory tolling under §2244(d)(2). Tillema v. Long, 2001 U.S. App. LEXIS 17254 (9th Cir. June 19, 2001); Tillema v. Long, 2001 U.S. App. LEXIS 17257 (9th Cir. August 3, 2001).

The petitioner argues that his motion for review of sentence pursuant to M.G.L. c. 278, §28B does in fact, attack the pertinent _judgment_ and not just merely a request for leniency from an otherwise lawful sentence. The petitioner's motion for review of sentence tolled the statute of limitations under §2244(d)(2) as it was a "properly filed" motion and it was pending during the one-year limitation period. Therefore, the petitioner's application for a writ of habeas corpus is timely.[2]

## CONCLUSION

Based on the foregoing arguments, and the reasons stated herein, the petitioner respectfully suggests that this Honorable Court _ACCEPT_ the Judge Magistrate's Report and Recommendation, and _DENY_ Respondent's Motion To Dismiss Petitioner's petition.

---

[2] See _Pagano_ v. _Allard_, No. 01-10599-EFH (D.Mass. January 31, 2002). _Pagano_, argued that his motion for revise and revoke his sentence pursuant to Mass.R.Crim.P. 29 is a tolling event. District Court Judge (Harrington) agreed after some argument that petitioner's motion for revise and revoke tolled the statute of limitation under 28 U.S.C. §2244(d)(2), citing _Tillema_ v. _Long_, 253 F.3d 494, 502 (9th Cir. 2001), as amended on denial of reh'g and reh'g en banc (August 3, 2001); accord _Carter_ v. _Litscher_, 275 F.3d 663, 665 (7th Cir. 2001). A copy of JUdge Harrington's Order is attached hereto.

-8-

                                      Respectfully submitted
                                      by the Petitioner,


                                      */s/ Julio Guerrero*
                                      Julio Guerrero, pro-se
                                      P.O. Box 43
                                      Norfolk, MA 02056


Dated: March 24, 2005

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 02-10641-RWZ

TIMOTHY S. FOSTER

v.

MICHAEL T. MALONEY

MEMORANDUM OF DECISION

February 14, 2003

ZOBEL, D.J.

On October 28, 1996, petitioner Timothy Foster pled guilty to seven charges that grew out of a car accident he had caused on May 30, 1995. The parties knew before the hearing that the Commonwealth was recommending a nine- to ten-year sentence on the most serious charge, operating under the influence of alcohol negligently and causing serious bodily injury, G.L. c. 90, § 24L(1). Commonwealth v. Foster, 761 N.E.2d 551 (Mass. App. Ct. 2002)(unpublished decision). Noting petitioner's prior convictions for drunk driving, the trial judge adopted the Commonwealth's recommendation. The court imposed shorter, concurrent sentences for three of the lesser charges and placed on file the remaining others. Id. That same day, petitioner filed a motion for review of his sentence pursuant to M.G.L. c. 278 § 28A, which was dismissed on July 13, 2000.

Almost three years later, on May 24, 1999, petitioner, aided by new counsel, filed a motion under Mass. R. Crim. P. 30(a) and (b) to vacate his "illegal sentence" and to withdraw his guilty plea because he had ineffective assistance of counsel. Id. The

motion was denied without a hearing and petitioner appealed. Subsequently, the petitioner, acting pro se, sought reconsideration of the denial in the trial court and also recusal of the trial judge for alleged bias. This motion was denied and he appealed. The Appeals Court of Massachusetts consolidated the appeals and affirmed the denial of the motions. Id. On March 27, 2002, the Supreme Judicial Court denied petitioner's application for further appellate review.

On April 5, 2002, petitioner filed the instant Writ of Habeas Corpus on the following grounds: (1) he pled guilty to two lesser misdemeanor offenses and not the felony offense for which he was convicted and sentenced in violation of his due process and liberty rights under the 5th and 14th Amendments thereby subjecting him to double jeopardy; (2) he did not understand the nature or the consequences of his guilty plea in violation of his rights under the 5th, 6th, and 14th Amendments; (3) the trial judge was biased and partial "to the Commonwealth or his own belief system at sentencing" thereby violating petitioner's due process rights under the 5th and 14th Amendments; and (4) petitioner was denied effective assistance of counsel in violation of his 6th Amendment rights. Respondent has filed a Motion to Dismiss the Petition because it is untimely.

If petitioner's motion for review of his sentence under M.G.L. c. 278 § 28A tolls the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the petition for Writ of Habeas Corpus is timely. The AEDPA allows the statute of limitations to be tolled for the time during "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending. . . ." 28 U.S.C. § 2244(d)(2). In holding that

"other collateral review" does not encompass any form of federal review, the Supreme Court has stated that the phrase does include state sentence review procedures. Duncan v. Walker, 533 U.S. 167, 177, 121 S.Ct. 2120, 2127 (2001). It said that Congress may have used the phrase "'post-conviction or other collateral' review in recognition of the diverse terminology that different States employ. . . For example, Florida employs a procedure that is officially entitled a 'Motion to Vacate, Set Aside, or Correct Sentence' [which is referred to as a] 'motion for post-conviction relief'. . . Congress may have refrained from exclusive reliance on the term 'post-conviction' so as to leave no doubt that the tolling provision applies to all types of state collateral review. . . ." Id. See also Tillema v. Long, 253 F.3d 494, 500 (9th Cir. 2001)(holding that AEDPA's limitation period is tolled during the pendency of petitioner's motion to vacate illegal sentence). But see Bridges v. Johnson, 284 F.3d 1201, 1203 (11th Cir. 2002) (finding that a state sentence review process does not qualify as post-conviction relief under Section 2244(d)(2) "because it does not promote exhaustion by giving state courts the opportunity to consider federal-law challenges to state court judgments, and it does not promote finality of state court judgments by reducing the time in which federal review is sought."). Therefore, petitioner's motion for review of his sentence tolls the AEDPA statute of limitations, and his petition for Writ of Habeas Corpus is timely filed.

Accordingly, respondent's Motion to Dismiss is DENIED. Petitioner filed a brief in support of his petition on June 20, 2002. Respondent shall file an opposition by

3

March 14, 2003, together with any necessary supplement to the record appendix filed by petitioner. Petitioner shall file any reply by March 28, 2003.

February 14, 2003
DATE

Ryan W. Zobel
RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE

4

62 Fed.Appx. 361 Page 1
62 Fed.Appx. 361, 2003 WL 1825681 (1st Cir.(Mass.))
**(Cite as: 62 Fed.Appx. 361, 2003 WL 1825681 (1st Cir.(Mass.)))**

Briefs and Other Related Documents

This case was not selected for publication in the Federal Reporter.

NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT

Please use FIND to look at the applicable circuit court rule before citing this opinion. First Circuit Rule 36(b). (FIND CTA1 Rule 36.)

United States Court of Appeals,
First Circuit.

Lawrence E. BLAND, Jr., Petitioner, Appellant,
v.
Timothy HALL, Respondent, Appellee.

No. 02-1750.

April 8, 2003.

Appeal from the United States District Court for the District of Massachusetts, Rya W. Zobel, U.S. District Judge.

Lawrence E. Bland, Jr. on brief pro se.

Thomas F. Reilly, Attorney General, and Linda A. Wagner, Assistant Attorney General, on brief for appellee.

Before CYR, Senior Circuit Judge, LYNCH and LIPEZ, Circuit Judges.

PER CURIAM.

**1 Petitioner Lawrence Bland appeals a district court order that dismissed his federal habeas petition as time-barred on the ground that the petitioner's motion to revise and revoke his sentence under Mass. R.Crim. P. 29 did not toll the statute of limitations, 28 U.S.C. § 2244(d)(1)(A), under 28 U.S.C. § 2244(d)(2)("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section."). The petitioner argues that the district court's decision is "patently at odds" with the plain language of 28 U.S.C. § 2244(d)(2) as construed by *Duncan v. Walker,* 533 U.S. 167, 175, 177, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001), and such cases as *Carter v. Litscher,* 275 F.3d 663, 665-66 (7th Cir.2001), *Tillema v. Long,* 253 F.3d 494, 502 (9th Cir.2001) (permitting tolling so long as the state post-conviction proceeding challenges the same judgment that is challenged by the federal habeas petition), and *Hunt v. Hall,* No. 00-10846 (D.Mass. March 18, 2002) (unpublished decision holding sentencing appeal to Appellate Division of Massachusetts superior court tolled the statute of limitations under 28 U.S.C. § 2244(d)(2)). Thus, the petitioner maintains that both the plain language and the policy interests behind § 2244(d)(2) compel the conclusion that his motion to revise and revoke his sentence tolled the statute of limitations, therefore his federal habeas petition is timely.

We find it unnecessary to resolve the tolling issue presented here, for it is clear that the petitioner's underlying habeas claims are meritless. Having thoroughly reviewed the record, we cannot say that the Massachusetts Appeals Court's decision in *Commonwealth v. Bland,* 48 Mass.App.Ct. 666, 724 N.E.2d 723 (2000) constitutes an "unreasonable application of federal law." *See, e.g., McCambridge v. Hall,* *362 303 F.3d 24, 34-35 (1st Cir.2002)(en banc). [FN1] Since we may affirm on any ground supported by the record, *see Acha v. United States,* 910 F.2d 28, 30 (1st Cir.1990), and the underlying habeas claims obviously have no merit here, the judgment for the respondent is *affirmed.* See Local Rule 27(c).

FN1. We have given petitioner the benefit of every doubt and assumed that he properly exhausted his federal habeas claims in his state appeal from the denial of his Rule 29 motion and that the Massachusetts Appeals Court's decision adjudicated those claims on the merits within the meaning of 28 U.S.C. § 2254(d). We would reach the same conclusion even if we applied *de novo* review.

62 Fed.Appx. 361, 2003 WL 1825681 (1st Cir.(Mass.))

Briefs and Other Related Documents (Back to top)

. 02-1750 (Docket) (Jun. 14, 2002)

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

62 Fed.Appx. 361       **Page 2**
**(Cite as: 62 Fed.Appx. 361, \*362, 2003 WL 1825681, \*\*1 (1st Cir.(Mass.)))**

END OF DOCUMENT

Copr. © 2004 West. No Claim to Orig. U.S. Govt. Works.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ANTHONY PAGANO,<br>　　　　　Petitioner<br><br>　　v.<br><br>STEVE ALLARD,<br>　　　　　Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION NO.<br>01-10599-EFH |

**O R D E R**

January 31, 2002



HARRINGTON, S.D.J.

　　This Order is in response to respondent's Motion to Dismiss First Amended Petition for a Writ of Habeas Corpus. Respondent argues that petitioner's petition for writ of habeas corpus is time-barred under 28 U.S.C. § 2244(d)(1) because it was filed more than one year after his state court judgment became final. However, this Court rules that the period of limitation was tolled by petitioner's motion to revise and revoke his sentence pursuant to Rule 29 of the Massachusetts Rules of Criminal Procedure. 28 U.S.C. § 2244(d)(2); *Tillema v. Long*, 253 F.3d 494, 502 (9th Cir. 2001), *as amended on denial of reh'g and reh'g en banc* (Aug. 3, 2001); *accord Carter v. Litscher*, 275 F.3d 663, 665 (7th Cir. 2001). Consequently, the petition is not time-barred and the motion to dismiss is denied.

　　Respondent shall have sixty (60) days from the date of this Order in which to file a memorandum in opposition to the merits of petitioner's First Amended Petition for Writ of Habeas Corpus.

DOCKETED
20

SO ORDERED.

/s/ Edward F. Harrington
EDWARD F. HARRINGTON
United Stated Senior District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
JULIO GUERRERO,      )
    Petitioner,      )
                     )
                     )
     -V-             )    CIVIL ACTION
                     )    NO. 04-11763-RGS
                     )
LUIS SPENCER,        )
    Respondent.      )
                     )

CERTIFICATE OF SERVICE

I, Julio Guerrero Petitioner certifies that he has served upon the Respondent's attorney, Susanne G. Reardon, One Ashburton Place, Boston, Massachusetts 02108, one true and accurate copy of the Petitioner's Opposition To Respondent's Objections To Report and Recommendation RE: Motion To Dismiss on this 24 day of March, 2005, by first class mail, postage prepaid.

Respectfully submitted
by the Petitioner,

Julio Guerrero
Julio Guerrero, pro-se
P.O. Box 43
Norfolk, MA 02056