UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-CV-11763-RGS

JULIO GUERRERO

v.

LUIS SPENCER

MEMORANDUM AND ORDER ON RESPONDENT'S
OBJECTION TO THE  REPORT AND RECOMMENDATION
OF THE MAGISTRATE JUDGE

April 6, 2005

STEARNS, D.J.

The facts as largely set out in the Magistrate Judge's Report and Recommendation are not in dispute.  On October 14, 1999, petitioner Julio Guerrero pled guilty to trafficking in cocaine.  Pursuant to a plea agreement, he was sentenced to serve a ten to twelve year state prison sentence.  On November 15, 1999, Guerrero appealed the sentence to the Appellate Division of the Superior Court (ADSC).  On the same day he filed a motion to revise and revoke the sentence pursuant to Mass. R. Crim. P. 29 and a motion for a new trial pursuant to Mass. R. Crim. P. 30.  On December 10, 1999, both motions were denied by the trial court.  On August 30, 2000, petitioner filed a second motion for a new trial, which was denied on April 23, 2001.  On June 13, 2002, a third motion for a new trial was filed, which was also denied.  On July 2, 2002, petitioner appealed the denial of third motion for a new trial to the Massachusetts Appeals Court.  On September 24, 2003, the Appeals rejected the Appeal, and on November 25, 2003, the Supreme Judicial Court denied further review.  On May 12, 2004 – and this is the seminal event – the ADSC

dismissed petitioner's appeal of his sentence. On August 6, 2004, petitioner filed his federal petition for writ of habeas corpus.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(1)(A), a petition for writ of habeas corpus must be filed within one-year of "the date on which the [state] judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review." The Magistrate Judge reasoned that because petitioner's appeal to the ADSC was not acted upon until May 12, 2004, his petition was filed within the one-year limitations period. The respondent objects.

## DISCUSSION

As respondent points out, if petitioner's appeal of his sentence to the ADSC is disregarded, then

> [f]or purposes of the AEDPA, . . . the petitioner's conviction became final on October 14, 1999, when the defendant plead guilty. . . . The petitioner then had one year, or until October 14, 2000, in which to file his federal habeas petition or a post-conviction motion that would toll the statute of limitations period. . . . The petitioner did file three post-conviction motions. The first one was filed on November 15, 1999, thirty days after his conviction was final, and the statute of limitations was tolled until December 10, 1999, when the motion was denied. The petitioner filed his second motion on August 30, 2000, 263 days after the last motion was denied. The statute was then tolled until April 23, 2001, when the second motion was denied. The petitioner then had approximately 72 days remaining in the one year statue of limitations period in which to file another post-conviction motion or to file his habeas petition. He did not file his third motion until June 13, 2002, long after the statute of limitations had expired. Therefore, his petition for habeas corpus, filed on August 9, 2004, almost five years after his conviction became final, is time-barred under the statute of limitations for habeas petitions set forth in 28 U.S.C. § 2244(d), and must be dismissed.

Respondent's Objection, at 4.

"In determining whether a particular state procedure constitutes part of the 'direct review' process for purposes of § 2244(d)(1)(A), a federal court must defer to underlying state court characterization of the procedure." Orange v. Calbone, 318 F.3d 1167, 1170 (10th Cir. 2003), citing Bridges v. Johnson, 284 F.3d 1201, 1202 (11th Cir. 2002). The ADSC is a statutory creation dating from 1943. The ADSC consists of three justices of the Superior Court designated by the Chief Justice of that court. It may review sentences imposed in excess of five years "except in any case in which a different sentence could not have been imposed." G. L. c. 278, § 28A. A defendant is not entitled to a hearing as a matter of right (unless the panel proposes to raise his sentence). If the ADSC determines that the original sentence should stand, its decision is final. G. L. c. 278, § 28B.

In Commonwealth v. Callahan, 419 Mass. 306 (1995), the defendant made an argument similar to petitioner's regarding the tolling effect of an appeal to the ADSC on his motion to revise and revoke his sentence. The Supreme Judicial Court held that the ADSC appeal was immaterial to the issue.

> The defendant was sentenced on March 7, 1989, and did not file his motion to revise his sentence until January 10, 1990. The defendant argues that he comes within the portion of rule 29(a) which provides that a motion may be filed "within sixty days after entry of any order or judgment of an appellate court denying review of, or having the effect of upholding, a judgment of conviction. . . ." He contends that his motion was timely because it was filed within sixty days of the order of the Appellate Division increasing his sentence. This argument fails because the Appellate Division is not an appellate court within the meaning of rule 29(a). See Mass. R.A.P. 1(c), 365 Mass. 844 (1974) ("'appellate court' means the full Supreme Judicial Court, the full Appeals Court, or a statutory quorum of either, as the case may be, whichever court is exercising statutory jurisdiction over the case at bar"). Moreover, the rule refers to an extension of the time limit for an appellate court order which affects a "judgment of conviction." The Appellate Division of the Superior Court has authority to review a judgment only insofar as it

relates to the sentence imposed. It has no authority over the judgment of conviction.

Id. at 308. The error in the Magistrate Judge's Report and Recommendation is her characterization of the ADSC as an "appeals court."[1] Under state law, it is not, and consequently the pendency of the appeal of petitioner's sentence to the ADSC did not toll the running of AEDPA's statute of limitations.[2]

### ORDER

For the foregoing reasons, the court declines to adopt the Magistrate Judge's Recommendation, adopts instead the respondent's objection, and orders that the petition be DISMISSED as untimely.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE

---

[1] In her Report, the Magistrate Judge refers to the ADSC as the "Massachusetts Appeals Court," suggesting a confusion between the actual Appeals Court and the ADSC that would explain her conclusion with respect to the tolling effect of the sentencing appeal. See Report and Recommendation, at 3.

[2] I recognize the potential conflict with the decision of Judge Zobel in Foster v. Maloney, 2003 WL 345351 (D. Mass. Feb. 14, 2003). In reading Judge Zobel's Memorandum of Decision, it would appear that the respondent in that case did not challenge the characterization of the ADSC as a proper state "appeals court" with the authority to engage in the type of "post-conviction or other collateral review" contemplated by 28 U.S.C. § 2244(d)(2).