UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIO GUERRERO

V.                                    C.A. NO. 04-CV-11763-RGS

LUIS SPENCER

## MOTION TO RECONSIDER

Comes now the Petitioner, Julio Guerrero, pro se, and hereby moves this Honorable United States Court to Reconsider its Memorandum and Order of April 6, 2005 which Dismissed his Petition for Writ of Habeas Corpus as time barred.

In support hereof, Petitioner (hereafter "Guerrero") asserts that this Honorable Court's Memorandum and Order is in direct conflict with this Court's earlier Order on an identical issue in the matter of Hunt v. Hall, et al., C.A. No. 00-10846-RGS (March 18, 2002)(sentencing appeal is a tolling event under the express provisions of 28 U.S.C. § 2244(d)(2)(attached as Exhibit A). As was the case in Hunt, Guerrero had timely filed a sentence appeal in the proper venue, and that sentence appeal remained pending from November 15, 1999 through May 12, 2004. This tolling argument was made by Guerrero in his additionally filed Memorandum of Law in Support of Petition for Writ of Habeas Corpus at 6 and within the Response to the Respondent's Objections to the Magistrate's Report and Recommendation.

Wherefore, and in view of this Honorable Court's previous Order on an issue comprised of identical circumstances, Guerrero

prays that this Honorable Court grant and allow the instant motion and, thereafter, enter an Order holding that his application for habeas relief which was filed on August 6, 2004, is timely.

Respectfully submitted,

Dated: _16/4/05_

_Julio Guerrero_

Julio Guerrero, pro se
Post Office Box 43
Norfolk, MA  02056

## Certificate of Service

I, Julio Guerrero, do hereby certify that a true and factual copy of the foregoing has been served upon the Office of the Attorney General, Thomas F. Reilly, A.G., One Ashburton Place, Boston, MA 02108, by forwarding same First Class Mail, Postage Pre-Paid, this _16_ day of April, 2005.

Respectfully submitted,

_Julio Guerrero_

Julio Guerrero

- 2 -

*Ex. A*

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


CIVIL ACTION NUMBER 00-10846-RGS


VICTOR HUNT

v.

TIMOTHY HALL, MICHAEL MALONEY


MEMORANDUM AND ORDER ON
<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>


March 18, 2002

STEARNS, D.J.

Respondents' principal objection to the Magistrate Judge's Report and Recommendation rests on <u>Austin v. Mitchell</u>, 200 F.3d 391 (6th Cir. 1999). The petitioner in <u>Austin</u> appealed to the Ohio state courts on grounds that his indictment contained a fatal technical defect in its wording, an issue of state procedural law invulnerable to federal habeas review. Later, in the federal court, he argued that the pendency of the state appeal was a tolling event pursuant to the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. § 2244(d)(2). The Sixth Circuit disagreed. Because "[t]olling is the complement of the [habeas] exhaustion requirement . . . . a state petition for post-conviction or other collateral review must present a federally cognizable claim for it to toll the statute of limitations [under AEDPA]." <u>Id.</u> at 394.

Like the petitioner in Austin, petitioner Hunt rests his tolling argument on a purely procedural appeal, in Hunt's case an appeal of the severity of his sentence to the Appellate

it is not altogether true that a "literal" reading of the statute elevates form over substance. As Judge Easterbrook pointed out in rejecting the reasoning of <u>Austin</u>, "[a] state collateral proceeding based solely on state-law issues may avoid the need for federal relief, and a tolling rule permits prisoners to pursue such theories in state court without jeopardizing their ability to raise the federal constitutional issues later in federal court, if that proves to be necessary." <u>Carter</u>, 275 F.3d at 665.[3]

Finally, I agree with respondents that the Magistrate Judge erred in permitting Hunt to amend ground 14 of his petition. In adopting the Magistrate Judge's February 8, 2001 Report and Recommendation, this court dismissed all grounds but ground 3. Consequently, there is nothing left of ground 14 to amend.[4]

---

[3] I agree with respondents that there is an unseemly feel to the fact that Hunt now benefits from an appeal that he never seriously intended to pursue simply because the Appellate Division allowed the appeal to lie dormant on its docket for five years. That, however, is a matter of state court administration with which this court has no power to interfere.

[4] I nonetheless agree with the Magistrate Judge that the amendment, if permitted, would be futile.