UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

JULIO GUERRERO,
      PETITIONER

V.                                  C.A. NO. 04-CV-11762-RGS

LUIS SPENCER,
      RESPONDENT

## APPLICATION FOR A CERTIFICATE OF APPEALABILITY

Comes now the Petitioner, Julio Guerrero, pro se, in the interests of justice, and hereby moves this Honorable United States District Court to issue a Certificate of Appealability for the following reason.

1. Whether a Massachusetts sentence appeal to the Appellate Division of the Superior Court, as provided by G.L.c. 278, §§ 28A-28D and Superior Court Rule 64, presents as a factual tolling event under the express language of either 28 U.S.C. § 2244(d)(1)(A) or 28 U.S.C. § 2244(d)(2)?

Petitioner (hereafter "Guerrero") posits that the decision, findings and order of the District Court in dismissing the hereto relevant application for habeas relief as untimely is at the least debatable, and the following discussion supports that the above-enumerated question should be certified for appellate review. Miller El v. Cockrell, ___ U.S. ___, 123 S.Ct. 1029, 1039 (2003).

In the case at bar, Guerrero had timely filed a sentence appeal in the proper venue, and that sentence appeal remained

pending to a matter of mere days prior to his filing of an application for habeas relief. See, e.g., Hicks v. Commonwealth, 345 Mass. 89 (1962)(in resort to procedure under §§ 28A-28D, defendant assumes the same risks inherent in appeal from a conviction); see also Burris v. Parke, 95 F.3d 465, 467 (7th Cir. 1996)(term "judgement" in 2244(d)(1) refers to the sentence rather than the conviction) and Whitney v. Commonwealth, ___ Mass. ___, 157 N.E.2d 272, 273 (1958)("in a criminal case [,] the sentence is the judgement"). Accord Fed.R.Crim.P. 32(d)(under federal law, "judgement" includes both the verdict and the sentence).

Although this Honorable Court has now determined that it is "no longer persuaded that Tillema is good law[,]" the fact that this Honorable Court had previously determined a sentence appeal to the Appellate Division of the Superior Court to be a proper tolling event, Hunt v. Hall, et al., C.A. No. 00-10846-RGS, and the further fact that another District of Massachusett District Court Judge (Zobel, USDJ.) has determined same to be a proper tolling event, Foster v. Maloney, C.A. No. 02-10641-RWZ, establishes that the determination of this particular matter meets the requirements of Miller El with respect to the granting of a certificate of appealability.

However, not only is the matter of such a purely state generated and provided avenue of review of either the conviction or the judgement a point of debate within this particular Federal District, it also exists as a point of debate between various of the Federal Circuit Courts of Appeal. See Tillema v. Long, 253

F.3d 494 (9th Cir. 2001)(pending state review not containing federal claims proper tolling event); Carter v. Litscher, 275 F.3d 663 (7th Cir. 2001)(same); Ford v. Moore, 296 F.3d 1035 (11th Cir. 2002)(one-year statute of limitations tolled while a properly filed state post-conviction petition or other collateral review attacking pertinent judgement is pending, regardless of whether same raised federal claim); Sweger v. Chesney, 294 F.3d 506 (3rd Cir. 2002)(same); and, in the alternative, Walkowiak v. Haines, 272 F.3d 234 (4th Cir. 2001)(state procedure which is not "separate and distinct from an earlier proceeding ... [which does not challenge] the legality of the earlier proceeding or judgement" insufficient as tolling event), as well as those additional cases relied upon by the Respondent within the content of its objections to the Magistrate's Report and Recommendation.

In reliance upon Duncan v. Walker, 533 U.S. ___, 123 S.Ct. 2120 (2001), Guerrero continues to assert that a sentence appeal to the Appellate Division of the Superior Court, under the statutory provisions of G.L.c. 278, §§ 28A-28D, factually presents as a proper tolling event sufficient to stop the time clock from running on the one-year statute of limitations imposed under the provisions of 28 U.S.C. § 2244 for the filing of an application for habeas relief from a state conviction.

> In some jurisdictions, the term "post-conviction" may denote a particular procedure for review of a conviction that is distinct from other forms of what conventionally is considered to be post-conviction review. For example, Florida employs a procedure that is officially entitled a "motion to Vacate, Set Aside, or Correct a Sentence." Fla.Rule.Crim.Proc. 3.850 (2001). The Florida courts have commonly referred to a Rule 3.850 motion as a "motion for post-conviction relief" and have distinguished this

procedure from other vehicles for collateral review of a criminal conviction, such as state petition for habeas corpus. See, e.g., Bryant v. State, 780 So.2d 978, 979 (Fla.App. 2001)(citation omitted). Congress may have refrained from exclusive reliance on the term "post-conviction" so as to leave no doubt that the <u>tolling provision applies to all types of state collateral review available after a conviction</u> and not just those denominated "post-conviction" in the parlance of a particular jurisdiction.

Duncan, 533 U.S. at ___, 123 S.Ct. at 2120 (emphasis added).

Given that the Appellate Division of the Superior Court may increase just as well as decrease a sentence imposed as judgement, see Gavin v. Commonwealth, 367 Mass. 331, 332-334 (1975) and Hicks, supra, it should be deemed clear that any judgement under review by such a particular state procedure does not become final until that review has ended or, at the least, that the time spent during the pendency of such review should be tolled. Accord 28 U.S.C. § 2244(d)(1)(A)(one-year period runs from "the date on which the judgement became final by the conclusion of direct review"); 28 U.S.C. § 2244(d)(2)(limitation period tolled during "time ... which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgement or claim is pending").

The instant proceedings present an issue worthy of appellate review, Miller El, ___ U.S. ___, 123 S.Ct at 1039, and a certificate of appealiability should here issue.

Wherefore, Guerrero prays that this Honorable Court grant and allow the <u>Application for a Certificate of Appealability</u>.

Respectfully submitted,

Dated: 5-2-05        *Julio Guerrero*

Julio Guerrero, pro se
Post Office Box 43
Norfolk, MA 02056

- 4 -

## Certificate of Service

I, Julio Guerrero, do hereby certify that a true and factual copy of the foregoing has been served upon the Office of the Attorney General, Thomas Reilly, A.G., One Ashburton Place, Boston, MA 02108-1598, by forwarding same First Class Mail, Postage Pre-Paid, this 2 day of May, 2005.

Respectfully submitted,

*/s/ Julio Guerrero*

Julio Guerrero, pro se
Post Office Box 43
Norfolk, MA 02056